# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00562-CV

---

**Cari Pogue Angus, Individually and as Owner of Pogue Consulting LLC, Appellant**

**v.**

**City of Austin, Appellee**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-000558, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from the district court's order granting the City of Austin's plea to the jurisdiction. Cari Pogue Angus sued the City for breach of a contract to purchase COVID-19 rapid test kits. In the proceedings below, the City argued, and the district court ruled, that the procurement of COVID-19 rapid test kits is a governmental act generally immune from suit and that the City did not waive its immunity because the parties never entered into "a written contract stating the essential terms" of an agreement to purchase the test kits. Tex. Loc. Gov't Code § 271.151(2)(a); *see also id.* § 271.152 (establishing waiver of immunity from suit for certain breach-of-contract claims). We agree that the parties never entered into a written contract stating the essential terms of the parties' alleged agreement. We therefore affirm the district court's order dismissing Pogue's claims for lack of jurisdiction.

## BACKGROUND

Resolving this appeal requires an understanding of the relationship between the City, Pogue, and two non-parties: the Local Government Purchasing Cooperative (BuyBoard) and Cornish Medical Electronics Corporation of Texas.

BuyBoard is a purchasing cooperative for cities, counties, and other public entities. BuyBoard's members buy products, such as medical supplies, from vendors at pre-negotiated and competitively bid cooperative prices. To make a purchase from a vendor through BuyBoard, the member "issu[es] a signed purchase order" specifying the type of product, the quantity, and the price. Unless and until the member issues a signed purchase order, no contract between the member and vendor exists.

The City is a BuyBoard member. Cornish is a BuyBoard vendor. And Pogue is Cornish's licensed representative.

In January 2022, in anticipation of a spike in local COVID-19 cases, Sidney Ceder, a City procurement specialist, contacted Pogue about available brands and pricing for COVID-19 rapid test kits. At Ceder's request, Pogue had Cornish add a variety of COVID-19 test kits to the Cornish BuyBoard catalog, thereby making the kits available for purchase. However, neither Ceder nor any other City representative ever issued a signed purchase order for COVID-19 test kits from Cornish. Pogue nevertheless procured over 100,000 test kits, believing the City intended on buying them from Cornish through her.

When Pogue discovered that the City had purchased COVID-19 test kits from a different BuyBoard vendor, Pogue sued the City for breach of contract. Pogue alleged that the City had entered into a contract to buy the test kits from Cornish and that she had standing to sue

as Cornish's assignee. The City filed a plea to the jurisdiction, asserting immunity from suit, which the district court granted. Pogue now appeals.

**DISCUSSION**

Under Texas law, sovereign immunity from suit deprives a court of subject-matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). We review the district court's grant of the City's plea to the jurisdiction de novo. *Id.* at 228. Because the City's plea implicates the merits of Pogue's claims, the City has the burden of negating a genuine issue of material fact as to the challenged jurisdictional fact's existence, in a manner like a traditional summary-judgment motion. *Id.* at 227–28. We review the evidence in the light most favorable to Pogue to determine whether a genuine issue of material fact exists. *Id.* at 221, 227–28.

A municipality like the City enjoys governmental immunity (i.e., sovereign immunity as it applies to political subdivisions) from breach-of-contract claims based on governmental acts but not proprietary acts. *Wasson Ints., Ltd. v. City of Jacksonville* (*Wasson I*), 489 S.W.3d 427, 429–30 (Tex. 2016). Thus, if a municipality is sued for breach of contract based on a governmental act, the municipality is immune from suit unless the plaintiff establishes a valid waiver of immunity. *See id.* at 432–33. An act is a governmental act if it qualifies as a "governmental function" under the Texas Tort Claims Act, *see id.* at 439 (TTCA's definitional guidance should apply in contract-claims context), or if it satisfies the four-factor test established by the Texas Supreme Court in the *Wasson* decisions, *see City of League City v. Jimmy Changas, Inc.*, 670 S.W.3d 494, 500 (Tex. 2023) (citing *Wasson Ints., Ltd. v. City of Jacksonville* (*Wasson II*), 559 S.W.3d 142, 150 (Tex. 2018)).

3

We begin our de novo review by determining whether Pogue's claims against the City are based on governmental acts. We look first to the non-exclusive list of "governmental functions" set forth in the TTCA. Tex. Civ. Prac. & Rem. Code § 101.0215(a). Included among the list are "health and sanitation services." *Id.* § 101.0215(a)(2). The procurement of COVID-19 rapid test kits—diagnostic tools used to identify and contain a communicable disease during a declared public health emergency—falls squarely within the scope of health and sanitation services. Accordingly, we hold that Pogue's claims are based on governmental acts. Because Pogue's claims are based on acts that qualify as "governmental functions" under the TTCA, we need not determine whether they also satisfy the four-factor *Wasson* test. *See Jimmy Changas*, 670 S.W.3d at 500.

We now determine whether Pogue has established a valid waiver of immunity. The only waiver Pogue has pleaded is Section 271.152 of the Local Government Code. Section 271.152 waives sovereign immunity for certain breach-of-contract claims. Tex. Loc. Gov't Code § 271.152. For purposes of this appeal, to fall within the scope of this waiver, the contract must be "a written contract stating the essential terms of the agreement" and "properly executed" on the City's behalf. *Id.* § 271.151(2)(A).

Viewed in the light most favorable to Pogue, the record evidence does not raise a genuine issue of material fact as to the existence of such a contract. In fact, the record evidence affirmatively shows the opposite: that the parties never entered into a written contract for the purchase of COVID-19 rapid test kits. In her responses to the City's requests for admission, Pogue admitted that:

- the City never stated in writing the specific number of COVID-19 test kits it desired to purchase;

4

- the City never stated in writing the specific brand of COVID-19 test kits it desired to purchase;

- she never received a delivery order or purchase order from the City for COVID-19 test kits; and

- she never executed a written contract for a specific number, type, and price of COVID-19 test kits.

In arguing that the parties entered into a written contract, Pogue cites an email sent from Ceder in late January 2022. In the email, Pogue asks: "Remind me—when the [purchase order] is done did you want it sent to you or Cornish"? Pogue contends that this email "indicat[es] that the parties had a contract." Not so. The email is evidence that the City was preparing a purchase order. But the email is not evidence that City actually completed, signed, and submitted a purchase order.

Pogue further argues that the parties' course of dealing gave rise to a contract. Assuming for the sake of argument Pogue is correct, that would only establish an implied contract, not a "written" one. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972) (explaining that implied contract "arises from the acts and conduct of the parties, it being implied from the facts and circumstances that there was a mutual intention to contract").

Viewing the evidence in the light most favorable to Pogue, we hold that the City met its burden to affirmatively negate the existence of the challenged jurisdictional fact—a properly executed written contract between the City and Pogue—and that Pogue therefore failed to establish a valid waiver of the City's immunity from suit.

## CONCLUSION

Pogue has requested that, in the event we hold her pleadings jurisdictionally defective, we remand to the district court to afford her the opportunity to replead. *See Miranda*, 133 S.W.3d at 226–27. Pogue is not entitled to a remand because the record affirmatively negates the existence of a jurisdictional fact: a written contract stating the essential terms of an agreement for the City to purchase COVID-19 rapid test kits from Cornish. *See id.* at 227. Accordingly, we affirm the district court's order.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: July 9, 2026